IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 8:05-403-HMH |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Troy Dale Gossett, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Troy Dale Gossett's ("Gossett") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons explained below, the court summarily dismisses Gossett's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 21, 2005, Gossett pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On September 28, 2005, the court sentenced him to 180 months' imprisonment. Gossett did not appeal his sentence. On June 15, 2011,[1] Gossett filed the instant § 2255 motion alleging that he was improperly sentenced under the Armed Career Criminal Act ("ACCA") to a mandatory 15-year term of imprisonment because subsequent case law establishes that his failure to stop violation does not qualify as a crime of violence and therefore cannot serve as a predicate conviction for the ACCA. See United States v. Rivers, 595 F.3d 558, 560 (4th Cir. 2010) ("[W]e hold that under no circumstance is a violation of South Carolina's blue light statute a violent felony under the ACCA."); § 924(e). In addition, Gossett alleges that his counsel was ineffective in failing to investigate the

_____

[1] Houston v. Lack, 487 U.S. 266 (1988).

1

circumstances of his detention by law enforcement or to move to suppress certain evidence obtained as a result of the search.  (Gossett § 2255 Mot. 5.)

## II. DISCUSSION OF THE LAW

Upon review, the court finds that Gossett's § 2255 motion is untimely.  Pursuant to § 2255(f),

> [a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

When the movant fails to pursue a direct appeal, the defendant's conviction is final when the time to file a direct appeal expires.  United States v. Johnson, No. 99-7005, 2000 WL 37753, at *1 (4th Cir. Jan. 19, 2000) (unpublished).  The judgment against Gossett was entered on September 30, 2005.  Because he did not pursue a direct appeal, his conviction became final on October 10, 2005.[2]  Gossett, however, did not file the instant motion until June 15, 2011, almost

--------

[2] At the time of Gossett's sentencing, Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure provided that a defendant in a criminal case had ten days after entry of judgment to file a notice of appeal with the district court.  Rule 4(b)(1)(A) was subsequently amended, and effective December 1, 2009, a criminal defendant now has fourteen days to file a notice of appeal with the district court.

2

six years after his conviction became final.  Gossett contends that his motion is timely "because actual federal custody is a prerequisite to filing a motion under 28 U.S.C. § 2255, [and thus,] the time from September 25, 2005 until his transfer to federal custody is subject to tolling."  (Id. at 13.)  This argument is without merit.

> Section 2255(a) provides that
>
> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Gossett's judgment states that his 180-month sentence "shall be served concurrently with the state sentence the defendant is presently serving" and that the South Carolina Department of Corrections should be designated as the "defendant's place of confinement."  (Judgment at 2.) The Bureau of Prisons designated the South Carolina Department of Corrections as his "place of federal confinement" as recommended by the court.  Barden v. Keohane, 921 F.2d 476, 483 (3d Cir. 1990) (noting that when a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence when a state facility is designated for service of the federal sentence); 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable.").  Gossett has been serving his federal sentence concurrently with his state

sentence.  Upon the expiration of his state sentence, Gossett was transferred to a federal facility

to serve the remainder of his federal sentence.  If, as Gossett alleges, he had not been in federal

custody until recently, Gossett's sentence would not have commenced until he was transferred to

a Bureau of Prisons facility and Gossett would not receive credit toward his federal sentence

from September 28, 2005, until his transfer to the Bureau of Prisons.  At all times since he was

sentenced on September 28, 2005, Gossett has been "in custody under sentence of a [federal]

court."  § 2255(a).  Therefore, this argument fails.

Further, even if Gossett was serving his federal sentence consecutively to his state

sentence, the statute of limitations commenced when his conviction became final.  Peyton v.

Rowe, 391 U.S. 54, 67 (1968) (holding that a "prisoner serving consecutive sentences is 'in

custody' under any one of them for purposes of § 2241(c)(3)").  Although the Fourth Circuit has

not directly interpreted the meaning of "in custody" for purposes of § 2255, the Fourth Circuit

has indicated in dicta that Peyton extends to § 2255 motions.  United States v. Hillary, 106 F.3d

1170, 1172 (4th Cir. 1997).  Further, other circuits have applied Peyton to § 2255 motions.

Ospina v. United States, 386 F.3d 750, 752 (6th Cir. 2004); Holleman v. United States, 721 F.2d

1136, 1138 (7th Cir. 1983); Simmons v. United States, 437 F.2d 156, 158 (5th Cir. 1971);

Jackson v. United States, 423 F.2d 1146, 1149 (8th Cir.1970); Desmond v. U.S. Bd. of Parole,

397 F.2d 386, 389 (1st Cir. 1968); United States v. Fegans, Civil No. 07-6027, Crim. No.

91-60022, 2008 WL 447504, at *6 (W.D. Ark. Feb. 4, 2008) (unpublished) (finding § 2255

motion time-barred); Rules Governing Section 2255 Proceedings, Rule 1 ("These rules govern a

motion filed in a United States district court under 28 U.S.C. § 2255 by . . . (b) a person in

custody under a judgment of a state court or another federal court, and subject to future custody under a judgment of the district court . . . .").

In addition, this motion is time-barred under § 2255(f)(3) and (4). "[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001) (internal quotation marks omitted). The Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008), has not been held by the United States Supreme Court or the Fourth Circuit Court of Appeals to have retroactive effect in collateral proceedings. Moreover, even assuming that the limitations period runs from the date Begay was decided, Gossett did not file the instant motion until over three years thereafter. Therefore, even if the limitations period were to run from the date the court decided Begay, Gossett's motion would still be time-barred. Whether § 2255(f)(4) operates to delay the commencement of the limitations period requires the court to assess "when a duly diligent person in petitioner's circumstances would have discovered" the factual predicate of his claim. Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000). The facts supporting Gossett's ineffective assistance of counsel claim were available to him through the exercise of due diligence when judgment was entered in this case. Based on the foregoing, Gossett's motion is time-barred.

Generally, the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under § 2255 should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255). However, the

5

court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles." Hill, 277 F.3d at 707.

Gossett contends that the statute of limitations should be equitably tolled because his 2006 § 2241 "habeas petition (C/A No. 4:06-cv-2386) was dismissed without prejudice pending his transfer to federal custody." (Gossett § 2255 Mot. at 13.)  A movant is entitled to equitable tolling of § 2255's statute of limitations only upon a showing that (1) he has pursued his rights diligently and (2) some extraordinary circumstance precluded a timely filing.  Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).  Gossett has failed to show that he diligently pursued his rights in attempting to file a § 2255 motion.

Although the magistrate judge erroneously stated in dicta in his Report and Recommendation that Gossett was not in federal custody, his § 2241 habeas petition was dismissed because he failed to show that § 2255 was inadequate or ineffective to test the legality of his detention.  (4:06-2386-HMH-TER, Report & Recommendation 4.)  Notably, Gossett did not file any objections to the Report and Recommendation.  The court adopted the Report and Recommendation on November 20, 2006.  (Id., Nov. 20, 2006 Order.)  Gossett was transferred to a Bureau of Prisons facility on November 2, 2010.  Even if Gossett erroneously believed that he was barred from filing his § 2255 motion because he was not in federal custody, he waited approximately seven months to file a § 2255 motion.  Gossett has failed to present the court with any persuasive evidence demonstrating that he diligently pursued his rights.

In addition, Begay was decided over three years ago and has not been held by the United States Supreme Court or the Fourth Circuit Court of Appeals to have retroactive effect in

6

collateral proceedings.  See Tyler, 533 U.S. at 663.  Thus, Gossett's claim that his prior failure

to stop for a blue light conviction did not qualify as a violent felony is not cognizable in a

collateral proceeding.  Further, Gossett's ineffective assistance of counsel claim is without merit

because he pled guilty.  "[A] knowing and voluntary guilty plea waives antecedent

nonjurisdictional errors, including claims of unlawful search and seizure."  United States v.

Devaughn, No. 03-4312, 2003 WL 22057945, at *1 (4th Cir. Sept. 3, 2003) (unpublished)

(citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).  There is no evidence or allegation that

Gossett's plea was not knowing or voluntary.  Because it is "indisputably clear from the

materials presented to the district court that the petition is untimely and cannot be salvaged by

equitable tolling principles," the court concludes that summary dismissal of Gossett's § 2255

motion is appropriate.  Hill, 277 F.3d at 707.

It is therefore

**ORDERED** that Gossett's § 2255 motion, docket number 29, is summarily dismissed.
It is further

**ORDERED** that a certificate of appealability is denied because Gossett has failed to

make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
June 28, 2011

7

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.